IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DAVID HALL CRUM,**

        **Petitioner,**

v.                                                                             Case No. 5:20-cv-00658

**D. L. YOUNG, Warden,**
FCI Beckley,

        **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner David Hall Crum's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1); Respondent's request that the petition be dismissed, (ECF No. 17); and additional motions by Crum asking this Court to expedite this matter, issue an injunction, immediately release him, and enter default judgment against Respondent, (ECF Nos. 11, 12, 15, 19, 20, 21). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Crum clearly is not entitled to the relief requested; therefore, the undersigned **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DISMISSED**; that Respondent's request for dismissal, (ECF No. 17), be **GRANTED**; that Crum's additional motions, (ECF Nos. 11, 12, 15, 19, 20, 21), be **DENIED** as moot;

1

and that this matter be **DISMISSED** and removed from the docket of the Court.

I. <u>**Factual and Procedural Background**</u>

Petitioner David Hall Crum filed the instant petition for a writ of habeas corpus on October 7, 2020, while incarcerated in Federal Correctional Institution, Beckley ("FCI Beckley"), a Federal Bureau of Prisons ("BOP") facility located at Beaver, West Virginia. (ECF No. 1). Crum asserts that he brings his petition pursuant to 28 U.S.C. § 2241 or § 2254, "whichever is appropriate." (ECF No. 1 at 1). Therein, Crum explains that he is serving a three-year term of incarceration for criminal violations of the law of the District of Columbia ("D.C. Code"). (*Id.*). Crum states that he has "no time to exhaust administrative remedies" in this matter because he has less than one year left in his sentence. (*Id.*). According to Crum, the BOP does not allow D.C. Code offenders like him to be transferred to residential reentry centers, more commonly known as "halfway houses," in violation of the BOP's own policy. (*Id.* at 1–2). He argues that under the "New Mandate Reauthorization Act of 2018" and the Second Chance Act, he should "already have been in" the halfway house "or getting ready to go." (*Id.* at 1). He further asserts that he is eligible for relief under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") due to his age and medical condition. (*Id.* at 1–2). Lastly, Crum claims that the BOP "falsified a document of custody points" in order to get him into BOP custody. (*Id.* at 2).

On October 21, 2020, Crum filed a "Motion for a Legal Addendum, and Clarification, Pursuant, to, [Title 28], United States Code, Section 1343." (ECF No. 5). In this document, Crum alleges that, eleven years ago, files turned over to the BOP following closure of D.C.'s now-defunct jail were in "complete disarray," and the mishandling of the files caused him to serve nearly seven years when he should have

served only three years. (*Id.* at 1–2). Crum characterizes this anecdote as supportive of his argument that BOP staff operate "pursuant to a…cruel pattern, without regard or respect to the prisoner or the society." (*Id.* at 1).

On November 3, 2020, the undersigned issued an order granting Crum's motion to amend his petition and ordering Respondent to answer Crum's petitions showing cause, if any, why relief should not be granted. (ECF No. 10). On December 3, 2020, Crum filed a motion asking this Court to expedite resolution of his petition because of the threat posed to him by the increasing number of COVID-19 cases at FCI Beckley. (ECF No. 11). On December 10, 2020, he filed a motion "for a temporary federal injunction," in which he asserts that the staff at FCI Beckley "have already retaliated concerning something that happened years ago at this institution," although he does not describe the event which prompted the alleged retaliation or specify what action he desires this Court to take. (ECF No. 12). He posits that he has been denied placement in a halfway house or home confinement "illegally, without due-process of law" in violation of BOP policy, federal law, and the Fourteenth Amendment. (*Id.* at 1). On December 18, 2020, Crum filed a motion asking this Court to "Immediately Release the Petitioner, Whereas Justice [Calls] for it," citing the fact that his age and health conditions qualify him for compassionate release under federal law. (ECF No. 15).

Respondent filed his response to Crum's petition on December 18, 2020. (ECF No. 17). Respondent argues that Crum's petition should be dismissed because Crum has failed to exhaust his administrative remedies, (*Id.* at 2); he is not eligible for relief under the CARES Act, (*Id.* at 4); the BOP has already reviewed Crum for placement in a halfway house, (*Id.* at 8); and his claim that the BOP falsified an unspecified document is not properly brought under § 2241. (*Id.* at 10). Respondent contends that

3

exhaustion of administrative remedies is important in this case because failure to do so prevents the full review of Crum's claim by the Regional and Central Offices and deprives this Court of an administrative record on which it can judge the BOP's decision. (*Id.* at 3–4). He also asserts that while there is "no indication that [Crum] has submitted a request for consideration for home confinement under the CARES Act to his Unit Team for review," Crum would not be eligible for such release based on his criminal history. (*Id.* at 6–7). Respondent insists that Crum has no protected liberty interest in being placed on home confinement or in a halfway house. (*Id.* at 7). Furthermore, Respondent asserts, the BOP has total discretion in designating the place of confinement and its decision is not reviewable by this Court. (*Id.* at 7–8). Insofar as the BOP is obliged to consider Crum's request for placement in a halfway house, Respondent proffers that the BOP has satisfied its responsibility by assessing Crum for placement based on the five factors in 18 U.S.C. § 3621(b). (*Id.* at 8–9). Finally, Respondent challenges Crum's inclusion of a claim that BOP staff falsified a document relating to his custody points, arguing that such a claim cannot be brought in an action under § 2241. Respondent contends that Crum's challenge to the location of his place of confinement, rather than the duration of his sentence, is not cognizable in a habeas petition. (*Id.* at 10–11).

On December 21, 2020, the undersigned ordered Crum to file a response to Respondent's motion to dismiss within 30 days. (ECF No. 18). On December 23, 2020, Crum filed a "Motion and Legal Clarification for Default Against the United States Attorney's Office," in which he asserts that he was brought to FCI Beckley illegally based on a "falsified fabrication of information entered intentionally into the [FCI] Beckley Case Manager Coordinator's Office Computer System." (ECF No. 19). He

maintains that this action was taken in retaliation for a previous lawsuit he filed in this Court about 15 years ago concerning a staff member at FCI Beckley, and now the BOP has "illegally held back the half-way house placement." (*Id.* at 2). He states that the three options available to this Court are to release him pursuant to the CARES Act, reduce his sentence pursuant to "DOJ Sections 3582 and 4205(g)," or order his transfer to the "D.C. jail." (*Id.*).

On January 21, 2021, Crum filed two copies of a "Memorandum and Motion to Thereby Unseal And Strike the U.S. Attorney's Response and Exhibits As Being Inaccurate, Fake, And Without a Legal Foundation For Which it could Survive; and Motion for a temporary Injunction to Thereby Stop This Institution's Staff and the United States Attorney's from federal Mail tampering, Retaliation, And Directly Lying to this Court." (ECF Nos. 20, 21). Therein, he asserts that he did not receive Respondent's response until January 5, 2021, alleging that FCI Beckley "held" the response for "more than two weeks." (ECF No. 20 at 1). He further contends that some of his legal mail, including mail sent to this Court within the last three weeks, is missing, and that he has already sent a reply to the Respondent's response. (*Id.* at 2). He contends that the information that Respondent sought to seal is "non-factual hearsay information" that is not part of the conviction for which he is incarcerated, and reiterates that Respondent's refusal to designate him to a halfway house is retaliation for a lawsuit he filed 15 years ago. (*Id.*).

## II.   **Standard of Review**

Respondent does not identify the standard under which he seeks dismissal of Crum's petition; however, Respondent filed his response concurrently with the request for dismissal. Therefore, the request should be treated as a motion for judgment on the

5

pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings applies the same standard of review as a motion to dismiss filed under Rule 12(b)(6), and both motions may be filed in habeas actions. (*Id.* at 138–39); *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. (*Id.*) The court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. <u>Discussion</u>

Crum did not originally specify the statute under which he seeks to bring this action, leaving it to this Court to construe his claim under either 28 U.S.C. § 2241 or §

6

2254, "whichever is appropriate." (ECF No. 1 at 1). His petition is to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also* Fed. R. Civ. P. 8(e). Crum asserts that he was illegally denied placement in a halfway house for the final months of his sentence in retaliation for past events, and also seeks release to home confinement under the CARES Act. Additionally, in a later filing, Crum makes use of the form petition for a writ of habeas corpus under § 2241. (ECF No. 7). Therefore, his claim has been construed as a petition for a writ of habeas corpus under § 2241. However, that is only the starting point for this Court's analysis. To determine if Crum's claims are cognizable in a § 2241 petition, this Court must determine if Crum is in fact seeking habeas relief and if so, whether such relief may be granted. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (construing petitioners' premature habeas claim as a 42 U.S.C. § 1983 petition). In order to fully examine all the arguments Crum puts forth in his various filings, the undersigned will first address his challenge to Respondent's failure to place him in a halfway house or release him to home confinement, and next resolve his additional motions unrelated to the substance of his habeas petition.

### A. Request for Designation to a Halfway House or Home Confinement

#### 1. *Failure to exhaust administrative remedies*

Respondent and Crum agree that Crum has not exhausted his administrative remedies as to his request to be transferred to a halfway house for the remainder of his sentence. Crum suggests that the exhaustion requirement should be waived because of the relatively short amount of time left in his sentence. (ECF No. 1 at 1). Respondent contends, however, that exhaustion is necessary as Crum's failure to pursue

7

administrative remedies has left this Court with an underdeveloped record on which to assess Crum's claim. (ECF No. 17 at 3–4). Respondent asserts that although the BOP has fully complied with any obligation it may have to consider Crum for designation to a halfway house or home confinement, Crum failed to challenge the BOP's decision through the inmate grievance procedure available to him at FCI Beckley. (*Id.* at 4, 6, 8–10).

The law is clear that an inmate should exhaust administrative remedies before filing a § 2241 petition in federal court. *Boumediene v. Bush*, 533 U.S. 723,782 (2008). However, "because exhaustion requirements for filing pursuant to § 2241 are judicially imposed, this Court has discretion to waive exhaustion in certain circumstances and proceed to the merits of petitioner's claim." *Myers v. Williams*, No. 2:15-CV-49, 2015 WL 9304550, at *4 (N.D.W. Va. Dec. 21, 2015) (citing *LaRue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W. Va. Jun. 12, 2006)). The court may, in its discretion, waive exhaustion "where a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden*, Civil Action RDB–10–671, 2010 WL 1258181, * 1 (D. Md. Mar. 24, 2010).

In this case, Crum has not demonstrated any of the above circumstances. The BOP considered Crum's qualifications for release to a halfway house on June 25, 2020 as part of his Individualized Needs Plan. (ECF No. 17-1 at 46-52). Therefore, had Crum raised the issue of halfway house placement with the BOP in the months prior to filing his habeas petition, there would have been ample time to receive and appeal the BOP's denial. In effect, Crum's failure to formally seek halfway house placement resulted in

the "shortness of the time left" in his sentence, which he claims entitles him to a waiver of the exhaustion requirement. In a similar context, "[d]istrict courts have found that exhaustion should not be excused on the basis that an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full [halfway house] placement." *Warner v. Bragg*, No. CV 9:19-344-MGL-BM, 2019 WL 2016812, at *5 (D.S.C. Apr. 12, 2019), *report and recommendation adopted*, No. CV 9:19-344-MGL-BM, 2019 WL 2009300 (D.S.C. May 7, 2019). Similarly, exhaustion has not been excused simply because the petitioner believes that the length of the administrative process would preclude him from receiving full relief. *Hughes v. Coakley*, No. CV 5:15-08088, 2016 WL 744941, at *3 (S.D.W. Va. Feb. 3, 2016), *report and recommendation adopted*, No. 5:15-CV-08088, 2016 WL 742121 (S.D.W. Va. Feb. 24, 2016); *also Ferguson v. Saad*, No. CV 1:18-00394, 2019 WL 1410892, at *1 (S.D.W. Va. Mar. 28, 2019) (same). As a district court in this circuit explains, granting review of inmate release claims because of "time-sensitivity" will encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims." *Garrison v. Stansberry*, No. 2:08cv522, 2009 WL 1160115, * 3 (E.D. Va. Apr. 29, 2009).

     Accordingly, the undersigned **FINDS** that Crum failed to exhaust his administrative remedies, and this failure should not be excused simply because Crum believed that the administrative remedial process would take too long. On the basis of his failure to exhaust alone, Crum's petition should be dismissed. Nevertheless, Respondent has proceeded to consider the merits of Crum's claims, and the Court **FINDS** that it is able to assess the merits based on the record available; particularly,

9

given the steps taken by the BOP in assessing Crum's potential transfer to a halfway house and the ample reasons provided by Respondent—including the nature of Crum's conviction offense and his past history of escape—for the BOP's ultimate decision to deny Crum placement in a halfway house. (ECF No. 17 at 8–9).

### *2. Designation to halfway house or home confinement*

At the outset, the undersigned notes that Crum does not possess a liberty interest in designation to a halfway house for any portion of his sentence. *See Larue*, 2006 WL 1674487, at *16; *Olim v. Wakinekona*, 461 U.S. 238, 244 (1983). Pursuant to 18 U.S.C. § 3621(b), the BOP considers five factors when determining an inmate's place of imprisonment. The factors identified in § 3621(b) are as follows:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Title 18 U.S.C. § 3624(c) grants the BOP authority to transfer inmates to pre-release custody, which allows a prisoner to serve a portion of his sentence in the community, such as home confinement or a halfway house. Section 3624(c)(1) governs pre-release placements. As amended by the Second Chance Act of 2007, Section 3624(c) provides as follows:

> (1) In general. – The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

> (2) Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

In determining an inmate's placement in a halfway house or home confinement, the BOP is required to consider the five statutory factors. *See Syrek v. Phillips*, 2008 WL 4335494 (N.D.W. Va. Sep. 17, 2008) (finding that "the BOP must consider the § 3621(b) statutory factors" and "cannot rely upon a categorical formula to determine the length of an inmate's [halfway house] placement"). However, the fact that the BOP "may assign a prisoner to a [halfway house] does not mean that it must." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005). The record shows that the BOP considered the five factors from § 3621(b) in Crum's Individualized Needs Plan and denied him halfway house placement based on his offense of conviction and history of escape, thereby fulfilling its obligation under the law. (ECF Nos. 17 at 9, 17-1 at 47). *See Specter v. Director Federal Bureau of Prisons*, 2010 WL 883733, *5 (D.S.C. Mar. 5, 2010) (slip copy) (explaining that "an inmate presents a valid claim only if he is denied individual consideration based on § 3621(b) factors"); *Garrison v. Stansberry*, 2009 WL 1160115, *5 (E.D.Va. April 29, 2009) (finding that "the Court lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for [halfway house] placement; the Court is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis").

Furthermore, as Respondent notes, while the First Step Act provides criteria for the BOP to consider when designating an inmate to a place of imprisonment, it also states unequivocally that the BOP's designation is not subject to judicial review. (ECF

No. 17 at 7); 18 U.S.C. 3621(b). This Court accordingly has no authority to consider the BOP's refusal to designate Crum to a halfway house or home confinement when the BOP rendered its decision based on the factors committed to its discretion. *In re Rice*, 33 F. App'x 108 (4th Cir. 2002) (holding that the BOP's discretionary power to designate an inmate's location is plenary and a court order that the BOP transfer him from one federal prison to another was unavailable). As such, the undersigned **FINDS** that the BOP appropriately considered Crum for designation to a halfway house or home confinement and further **FINDS** that his petition on this basis should be dismissed, with prejudice.

### 3. *Availability of relief under the CARES Act*

Insofar as Crum's petition could be construed as a motion for compassionate release pursuant to the CARES Act, this Court does not have jurisdiction to consider that claim. Crum is in BOP custody pursuant to a sentence imposed on him by the Superior Court of the District of Columbia. Courts in this circuit and elsewhere have consistently found that a § 2241 petition is not the appropriate mechanism by which to raise a request for compassionate release and such a request must instead be brought under 18 U.S.C. § 3582 in the court that issued the inmate's sentence. *See Robinson v. Wilson*, No. 1:17-CV-02630, 2017 WL 5586981, at *5 (S.D.W. Va. Sept. 26, 2017), *report and recommendation adopted*, No. CV 1:17-02630, 2017 WL 5586272 (S.D.W. Va. Nov. 20, 2017) ("Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court."); *see also Deffenbaugh v. Sullivan,* No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court."); *Allah v.*

*Fed. Bureau of Prisons Dir.*, No. CV 9:16-2665-BHH-BM, 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016), *report and recommendation adopted*, No. CV 9:16-2665-BHH, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (same) (collecting cases); *Braswell v. Gallegos*, 82 Fed. Appx. 633, 635 & n. 2 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence."). The undersigned **FINDS** that Crum's request for compassionate release should be dismissed without prejudice, and further **FINDS** that Respondent's request to dismiss this § 2241 petition should be granted.

### 4. *Retaliation and falsification of records*

Crum alleges that the BOP has denied him release to a halfway house in retaliation for events that occurred many years in the past. To state a claim under § 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While a habeas petition is appropriate when a prisoner seeks a "quantum change" in his level of custody, when he only "seeks a different program, location, or environment, his challenge is to the conditions of his confinement rather than the fact of his confinement and his remedy is under civil rights law." *Sappleton v. Hogsten*, Civ. A. No. 1:11–00552, 2014 WL 2565547, at *2 (S.D.W. Va. Jun. 6, 2014) (quoting *Campbell v. Deboo*, 2011 WL 1694454, at *2 (N.D.W. Va. May 4, 2011)). To determine whether a claim is cognizable under habeas corpus or under a civil rights action, a court must review whether the challenge is either to the *fact or duration* of the inmate's confinement or instead to the *conditions* of the confinement. *See Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017). Challenges to the conditions of confinement are not properly addressed through habeas petitions and instead should be challenged in civil rights actions. *See*

*Wilborn v. Mansukhani,* 795 F. App'x 157, 164 (4th Cir. 2019) (holding that § 2241 petitions are not appropriate avenue to raise conditions of confinement claims); *see also Roudabush v. Warden FCI Edgefield*, No. CV 8:18-1818-BHH-JDA, 2018 WL 3979858, at *1 (D.S.C. July 18, 2018*), report and recommendation adopted*, No. CV 8:18-1818-BHH, 2018 WL 3972257 (D.S.C. Aug. 20, 2018) (challenge alleging harassment, unsanitary food, and lack of mental health care not properly raised by § 2241 claim); *Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (alleged Eighth Amendment violations should be addressed by *Bivens* or § 1983 action, not a § 2241 claim); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement....A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'").

Here, Crum alleges that he is being denied placement in a halfway house in retaliation for his filing of a petition for habeas corpus fifteen years ago. (ECF Nos. 19 at 1–2, 20 at 1–2). Because this claim primarily asserts a civil rights violation (retaliation), rather than a direct challenge to the legality or duration of his confinement, Crum cannot pursue this claim in a habeas petition. *Myers v. Williams*, No. 2:15CV49, 2015 WL 13735447, at *7 (N.D.W. Va. Oct. 19, 2015), *report and recommendation adopted*, No. 2:15-CV-49, 2015 WL 9304550 (N.D.W. Va. Dec. 21, 2015) (holding that a claim of retaliatory false incident reports must be brought in a civil rights action); *see also Baine v. Dretke*, No. 7:04-CV-198-R, 2004 WL 2866966, at *3 (N.D. Tex. Dec. 10, 2004) (holding that retaliation claims are not cognizable in habeas proceeding); *Scrivens v. Pearson*, No. 5:10cv81-DCB-MTP, 2010 WL 6332074, *1 (S.D. Miss. Aug. 20, 2010) (explaining that retaliation and harassment claims

14

challenge the nature and conditions of confinement and must be brought in a civil rights complaint, not in a habeas action). The proper vehicle to challenge conditions of confinement or bring allegations of retaliation is a suit pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Accordingly, the undersigned **FINDS** that Crum's claim that Respondent's retaliatory refusal to place him in a halfway house is not cognizable in this action and must be dismissed.

Crum also makes vague reference to the falsification of documents concerning his custody points. (ECF No. 1 at 2). However, he offers no documentation or explanation for this allegation, providing only a threadbare accusation. To the extent he is implicitly asserting a claim under the Privacy Act, a cause of action is available at 5 U.S.C. § 522a(g)(1). However, Respondent correctly notes that such a claim is not cognizable in this § 2241 petition because Crum does not allege that the supposed false documentation is extending the duration of his sentence. *See Pena-Carrizoza v. Bragg*, No. 1:14-CV-25696, 2016 WL 7168412, at *5 (S.D.W. Va. Aug. 16, 2016), *report and recommendation adopted*, No. CV 1:14-25696, 2016 WL 7155764 (S.D.W. Va. Dec. 7, 2016). Therefore, the undersigned **FINDS** that Crum's assertion concerning falsified documents likewise is not cognizable in this action and must be dismissed.

### B. Additional Motions

In addition to his § 2241 petition, Crum filed numerous documents styled as "motions," asking, sequentially, for this Court to expedite his action, (ECF No. 11); to issue a "temporary federal injunction," (ECF No. 12); to immediately release him, (ECF No. 15); to enter default judgment against Respondent, (ECF No. 19); to "Unseal and Strike" Respondent's response, and issue a "temporary injunction" to prevent Respondent from mail tampering and lying. (ECF Nos. 20, 21). At this stage of

adjudication, resolution of these so-called motions merges with the ultimate outcome of the underlying petition. Because Crum's petition lacks merit and must be dismissed for myriad other reasons, the undersigned **FINDS** that each motion should be denied as moot.

### IV.   Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DISMISSED**; that Respondent's request for dismissal, (ECF No. 17), be **GRANTED**; that Crum's additional motions, (ECF Nos. 11, 12, 15, 19, 20, 21), be **DENIED** as moot; and that this matter be **DISMISSED** and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v.*

16

*Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** January 27, 2021

Cheryl A. Eifert
United States Magistrate Judge