UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID HALL CRUM,

    Petitioner,

v.                                     CIVIL ACTION NO. 5:20-cv-00658

D.L. YOUNG, Warden,
FCI BECKLEY,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner David Hall Crum's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 1]; Respondent Young's request that the petition be dismissed [Doc. 17]; and various motions by Mr. Crum requesting the Court to expedite this matter, issue an injunction, immediately release him, and enter default judgment against Mr. Young [Docs. 11, 12, 15, 19, 20, and 21].

### I.

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on January 27, 2021, recommending that the Court dismiss Mr. Crum's Section 2241 petition, grant Mr. Young's request for dismissal, deny Mr. Crum's remaining motions as moot, and remove this matter from the docket. Mr. Crum timely objected to the PF&R on February 11, 2021.

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not, however, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Mr. Crum first objects to the Magistrate Judge's use of "all West Virginia case law, when, the Petitioner is, a, local, D.C. Code, offender, under the federal D.C. Circuit, and, the Capital Revitalization and Self-Government Improvement Act – 1997." [Doc. 22 at 1]. Magistrate Judge Eifert, however, properly cites federal authority from within this circuit – where Mr. Crum filed his Section 2241 petition – as well as binding Fourth Circuit precedent. The Court thus finds Mr. Crum's objection meritless.

Mr. Crum next objects to the Magistrate Judge's conclusion that he failed to demonstrate circumstances warranting waiver of the exhaustion requirement. As fully explained in the PF&R, Mr. Crum admitted that he failed to exhaust his administrative remedies prior to filing his petition. Nonetheless, Mr. Crum asserted that the exhaustion requirement be waived given the relatively short amount of time left on his sentence. [*See* Doc. 1]. Magistrate Judge Eifert properly explained that the Court has discretion to waive the exhaustion requirement under certain circumstances. Indeed, there are several recognized exceptions to the exhaustion requirement "where (1) the dispute is a matter of statutory construction; (2) the utilization of administrative procedures would cause irreparable injury; and (3) the resort to administrative procedures would be futile." *McDonald v. Centra, Inc.*, 946 F.3d 1059, 1063 (4th Cir. 1991); *see also Wright v. Warden*, No. RDB-10-671, 2010 WL 1258181, *1 (D. Md. Mar. 24, 2010) (noting that a court

2

may waive exhaustion "where a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative remedy procedure is clearly shown to be inadequate to prevent irreparable harm.").

Magistrate Judge Eifert concluded that Mr. Crum failed to demonstrate any of the above circumstances. The Magistrate Judge noted that the Bureau of Prisons ("BOP") considered Mr. Crum's qualifications for release to a halfway house on June 25, 2020, as part of his Individualized Needs Plan and had Mr. Crum raised halfway house placement with the BOP in the months prior to filing his petition, he would have had ample time to receive and appeal the BOP's denial thereof. Mr. Crum contends that "[t]he Exhaustion Rule, is, a joke, and, is, abused by, staff, every, chance, that, they, get!" [Doc. 24 at 2]. He also asserts that he demonstrated "inadequacy and irreparable harm when he first went to the Asst. Warden in Feb. of 2020, complaining about the fake, custody points!" [*Id.*]. The Court again finds no error in Magistrate Judge Eifert's conclusion and echoes her point that Mr. Crum's "failure to formally seek halfway house placement resulted in the 'shortness of time left' in his sentence, which he claims entitles him to a waiver of the exhaustion requirement." [Doc. 22 at 8]. Moreover, "[d]istrict courts have found that exhaustion should not be excused on the basis that an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full [halfway house] placement." *Warner v. Bragg*, No. 9:19-344-MGL-BM, 2019 WL 2016812, at *5 (D.S.C. Apr. 12, 2019) (collecting cases), *report and recommendation adopted*, No. 9:19-344-MGL-BM, 2019 WL 2009300 (D.S.C. May 7, 2019). The Court also notes that despite concluding that Mr. Crum was not entitled to a waiver of the exhaustion requirement, the Magistrate Judge fully addressed Mr. Crum's claims on the merits.

Mr. Crum next objects to the Magistrate Judge's conclusion that Mr. Crum has no liberty interest in designation to a halfway house for any portion of his sentence. Mr. Crum asserts that this is far "from the truth" inasmuch as he is a "D.C. Code offender" and halfway houses have been made "a priority for [D.C. Code offenders] pursuant to [their] local government." [Doc. 24 at 3]. Mr. Crum, however, offers no authority in support of this bare assertion. The Court finds no error in the Magistrate Judge's conclusion that Mr. Crum lacks a protected liberty interest in serving any portion of his sentence in a halfway house. *See Walsh v. Berkebile*, No. 5:10-0463, 2011 WL 1547908, at *6 (S.D.W. Va. Feb. 22, 2011) (concluding "that Plaintiff does not possess a constitutionally protected liberty interest in halfway house placement."); *see also Larue v. Adams*, No. 1:04-0396, 2006 WL 1674484, at *16 (S.D.W. Va. June 12, 2006) (concluding "[p]etitioner does not possess a liberty interest in serving her term of imprisonment in community confinement or in any other particular facility.").

Additionally, Mr. Crum avers that 18 U.S.C. § 3621(b) – vesting the BOP with discretionary authority as to a prisoner's placement while incarcerated and enumerating the factors considered when determining such placement – is inapplicable as he was "convicted under the D.C. Code, not the federal code." [*Id.*]. Mr. Crum is correct that he is currently serving a thirty-six-month sentence for Attempted Second Degree Sexual Abuse of an Incompetent, imposed by the Superior Court of the District of Columbia. Regardless, Mr. Crum is serving his sentence in a BOP Facility, rendering 18 U.S.C. § 3621(b) applicable to his case. As thoroughly explained by the Magistrate Judge, the record demonstrates that the BOP considered the factors set forth in Section 3621(b) in Mr. Crum's Individualized Needs Plan and denied him halfway house placement for the remainder of his sentence due to his offense conviction and history of escape,

thus fulfilling its legal obligations. The remainder of Mr. Crum's objections have been considered and are equally without merit.

### III.

Based upon the foregoing, the Court **OVERRULES** Mr. Crum's objections [**Doc. 24**], **ADOPTS** the PF&R [**Doc. 22**]; **DISMISSES** Mr. Crum's Section 2241 petition [**Doc. 1**]; **GRANTS** Mr. Young's request for dismissal [**Doc. 17**]; **DENIES AS MOOT** Mr. Crum's additional motions [**Docs. 11, 12, 15, 19, 20, and 21**]; and **REMOVES** this matter from the Court's docket.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED: June 15, 2021



Frank W. Volk
United States District Judge

5